Prehearing Report / Proposed Opinion

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Carolina First Bank, Respondent,
v.
Ashley Tower, LP, Pendleton Partners, LLC and James B. Miller, Defendants,
of whom Pendleton Partners, LLC is Appellant.
 
 
 

Appeal From Richland County
 Joseph  M. Strickland, Master-In-Equity

Unpublished Opinion No. 2005-UP-594
Submitted October 1, 2005  Filed November 21, 2005

AFFIRMED

 
 
 
Allan R. Holmes, of Charleston, for Appellant.
John T. Moore and Jennifer West, and Louis H. Lang, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  In this mortgage foreclosure action, Pendleton Partners, LLC, appeals a master in equitys decision denying its request to set aside an entry of default.  We affirm.
FACTS
Carolina First Bank (hereinafter Respondent) commenced this action by filing a complaint seeking foreclosure and appointment of a receiver against Ashley Tower, LP, Pendleton Partners, LLC, and James B. Miller.    
On December 21, 1998, James B. Miller and George T. Williams filed articles of organization with the Secretary of State creating Pendleton Partners, LLC.  Miller is listed as the initial agent for service of process.  According to the articles, the purpose of the limited liability company is the ownership, development and operation of real estate located at Pendleton and Pulaski Streets in Columbia.  Williams and Miller are the sole members of the LLC and it is a member-managed limited liability company.  
On December 21, 2000, Ashley Tower, LP, executed a promissory note to Respondent in the principal amount of $350,000.[1]  To secure this note, Miller also mortgaged to Respondent all of the property owned at that time by Pendleton Partners, LLC.[2]   Subsequently, the mortgage went into default, and on August 23, 2002, Respondent filed its summons and complaint seeking foreclosure on the real property owned by Pendleton Partners, LLC.  
As all of the defendants failed to answer, Carolina First filed an affidavit of default on January 31, 2004.  The matter was referred the same day to the master in equity for Richland County.  On February 6, 2003, Pendleton Partners, LLC, (hereinafter Appellant) submitted a motion to set aside the default.  The motion was supported by an affidavit from Williams which, inter alia, alleged that Miller improperly mortgaged the property without Williams approval. 
After a hearing and upon review of the briefs submitted by both sides, the master-in-equity denied the motion by order dated September 25, 2003.  Appellant thereafter filed a notice of appeal to this Court, and on November 18, 2003, we issued a dismissal stating that an order refusing to grant relief from the entry of a default is not immediately appealable until after final judgment.  Upon receipt of this order, Appellant filed a petition for rehearing seeking a review of the dismissal.  On March 17, 2004, this court issued a second order affirming its determination that a default judgment is not immediately
appealable.  
Appellant then filed a petition for certiorari to the supreme court seeking review of this courts decision.  On November 16, 2004, at Appellants request, the supreme court dismissed the action.  After this dismissal, a foreclosure hearing was scheduled before the master-in-equity on December 15, 2004.  On December 3, 2004, George T. Williams submitted a motion to intervene in the foreclosure action.  Williams asserted several problems existed with the mortgage including a lack of consideration to Appellant or Williams and failure by Respondent to exercise due diligence to ascertain the legal status of the LLC before the mortgage was executed.  
The master entertained the motion to intervene along with the foreclosure action on December 15, 2004.  In two separate orders, the master denied the motion to intervene and granted the foreclosure sought by Carolina First.    
LAW / ANALYSIS
Appellant now raises several alleged errors in the masters rulings all relating to its failure to grant Appellants motion to set aside the entry of default.
After a review of the record, however, it is not clear that any of Appellants current arguments were actually raised to and ruled upon by the master.  The masters orders do not contain any discussion of the merits and merely deny Appellants motions.  There are no transcripts in the record of any hearing before the master as to the various motions, nor did appellant make any motions pursuant to Rule 59(e), SCRCP seeking to clarify the masters orders.
Accordingly, there is no way for this court to determine if the issues asserted on appeal have been raised to and ruled upon by the trial court.  As such, we find none of the issues are preserved for our review.      See Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (finding an issue must be raised to and ruled upon by the trial court to be preserved for appeal).
AFFIRMED. [3]
ANDERSON, J., HUFF and WILLIAMS, JJ., concur.

[1] Miller signed the promissory note as general partner of Ashley Tower, LP.  
[2] The mortgage was signed by Miller as a managing member of Pendleton Partners, LLC.  
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.